UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA  :
: No. 3:17-CR-324
v.  :
:
FAIZAL BHIMANI and  :
OM SRI SAI, INC.,  :
      Defendants.  :

## STIPULATED PROTECTIVE ORDER

WHEREAS, the parties have held significant discussions regarding the nature of materials relevant to the above captioned case and certain sensitive information contained within those materials. Based on those discussions and the nature of the case in general, the parties, by and through their respective counsel, stipulate and agree that there is good cause for the issuance of a protective order pursuant to Federal Rule of Criminal Procedure 16(d) in the following form;

WHEREAS, certain discovery materials, which the government shall mark as HIGHLY CONFIDENTIAL, contain sensitive personal identifying information of confidential witnesses, the disclosure of which at this stage of the prosecution would pose a heightened risk to the safety of those witnesses;

1

WHEREAS, counsel for both defendants have agreed, in return for disclosure of unredacted copies of HIGHLY CONFIDENTIAL materials for the purposes of plea discussions, to keep those materials confidential according to the terms and conditions of this stipulated order, as set forth below:

1. Any and all HIGHLY CONFIDENTIAL discovery material provided to defense counsel by the government, and any copies, notes, transcripts, documents, or other information derived or prepared from the discovery material produced to defense counsel, shall not be further disseminated by defense counsel to any individuals, organizations or other entities, other than members of the legal staff of the undersigned defense counsel, including any potential testifying or consulting expert witness, investigator, information technology or other litigation support person or entity, acting in this matter at the request and direction of defense counsel, without further order of the Court.

2. Defense counsel expressly agree not to show, display, disclose, or provide to the defendants any HIGHLY CONFIDENTIAL discovery material provided to defense counsel by the government, nor any copies, notes, transcripts, documents, or other information derived

or prepared from the HIGHLY CONFIDENTIAL discovery material provided to defense counsel. This provision does not prevent defense counsel from communicating with their clients regarding the substantive information contained in the HIGHLY CONFIDENTIAL discovery, in order to adequately defend them against the charges in the Indictment. However, counsel shall not provide defendants with copies of HIGHLY CONFIDENTIAL discovery materials or allow them to copy such materials. Defense counsel agree not to disclose to the defendants nor to any individuals, organizations, or other entities other than those to whom disclosure is authorized in paragraph 1, that is, members of the legal staff of the undersigned defense counsel, any identifying information contained in the HIGHLY CONFIDENTIAL discovery material, including, but not limited to, names, dates of birth, telephone numbers, nicknames or "street" names, physical descriptions, FBI identifiers, or any other information that could identify any witnesses whose identities the government discloses only in the HIGHLY CONFIDENTIAL materials.

3. Each of the individuals to whom disclosure is authorized in paragraph 1, that is, members of the legal staff of the undersigned

defense counsel, shall be provided a copy of this Stipulation and Order and will be advised that he or she shall not further disseminate any portion of the HIGHLY CONFIDENTIAL discovery material or any copies, notes, transcripts, documents, or other information derived or prepared from the discovery material, except in conformity with this Stipulation and Order.

4. Defense counsel agrees to maintain a list of the individuals to whom disclosure is authorized in paragraph 1, that is, members of the legal staff of the undersigned defense counsel, and to provide this list to the government and the Court upon request.

5. None of the HIGHLY CONFIDENTIAL discovery material, nor any copies, notes, transcripts, documents, or other information derived or prepared from the discovery material, shall be disseminated to, or discussed with, the news media in any form. Nothing in this Stipulation and Order shall prohibit the news media from obtaining copies of any items that become public exhibits at any conference, hearing, trial, or other proceeding.

6. If defense counsel wish to disclose any portion of the HIGHLY CONFIDENTIAL discovery material, or any copies, notes,

transcripts, documents, or other information derived or prepared from the discovery material, to any individual to whom disclosure is not authorized by paragraph 1, including any public filing of the HIGHLY CONFIDENTIAL discovery material or information contained therein, defense counsel must provide advance notice to the government and make application to the Court for authorization to make such disclosure, and such notice must be given sufficiently in advance of the contemplated application so as to permit briefing and argument on the propriety of such disclosure.

7. Nothing in this Stipulation and Order restricts the use or disclosure of discovery materials that do not contain sensitive identifying information, which the government will produce without the marking HIGHLY CONFIDENTIAL.

8. If any information about the actual or cover personal identifiers of any FBI Confidential Human Source ("CHS") is included within any of the discovery materials, whether marked as HIGHLY CONFIDENTIAL or not, the defendant and defense counsel will not publicly disclose such information, including in any public filing or in open court.

9. Nothing in this Stipulation and Order shall preclude the government from seeking a modification of this protective order or additional protective orders pursuant to Rule 16(d) as to particular items of discovery material.

10. If the defendant seeks or obtains substitute or additional counsel, the undersigned defense counsel will not transfer any portion of the HIGHLY CONFIDENTIAL discovery material, or any copies, notes, transcripts, documents, or other information derived or prepared from such material, unless and until the substitute or additional counsel enters into this Stipulation and Order.

11. Defense counsel will return to the government the HIGHLY CONFIDENTIAL discovery material and all copies thereof, whether in the possession of defense counsel or members of the legal staff of defense counsel who have signed this Stipulation and Order, upon termination of defense counsel's representation in this matter or upon the conclusion of any direct appeal, whichever comes first. Further, defense counsel shall destroy, delete, and/or erase any electronically stored copy, abstract, or summary of the HIGHLY CONFIDENTIAL materials upon termination of defense counsel's representation in this

matter or upon the conclusion of any direct appeal, whichever comes first. Defense counsel shall provide a signed affidavit of compliance with this paragraph within seven days of termination of defense counsel's representation in this matter or upon the conclusion of any direct appeal, whichever comes first.

12. Any violation of this Stipulation and Order (a) will require the immediate return to the United States of the HIGHLY CONFIDENTIAL discovery material and all copies thereof, and (b) may result in contempt of Court.

13. This Order is entered without prejudice to any party's right to seek a revision of the Order by appropriate motion to the Court.

STIPULATED AND AGREED TO BY:

For the United States:

David J. Freed
UNITED STATES ATTORNEY

_____
Sean A. Camoni
ASSISTANT UNITED STATES ATTORNEY


For the Defendants:


_____
William A. Destefano
Counsel for OM SRI SAI, INC.


_____
Bernard J. Brown
Counsel for FAIZAL BHIMANI

STIPULATED AND AGREED TO BY:

**For the United States:**

David J. Freed
UNITED STATES ATTORNEY

_____

Sean A. Camoni
ASSISTANT UNITED STATES ATTORNEY

**For the Defendants:**

*/s/ William A. Destefano*
William A. Destefano
Counsel for OM SRI SAI, INC.

_____

Bernard J. Brown
Counsel for FAIZAL BHIMANI

STIPULATED AND AGREED TO BY:

**For the United States:**

David J. Freed
UNITED STATES ATTORNEY

_____
Sean A. Camoni
ASSISTANT UNITED STATES ATTORNEY

**For the Defendants:**

_____
William A. Destefano
Counsel for OM SRI SAI, INC.

_____
Bernard J. Brown
Counsel for FAIZAL BHIMANI

8

## **ORDER**

In accordance with the above Stipulation executed by the parties, it is Ordered as follows:

Counsel for the defendants shall prevent the disclosure and/or dissemination of HIGHLY CONFIDENTIAL discovery material as marked and provided by the United States of America pursuant to Rule 16 of the Federal Rules of Evidence in the matter at bar, and in accordance with the terms of the Stipulation. Counsel may not disclose the contents of said HIGHLY CONFIDENTIAL discovery materials to any person, including their clients, unless authorized in the attached Stipulation or by Order of this court. The Parties shall abide by all terms and conditions of the Stipulated Protected Order.

Dated this ___ day of _____, 2017

                                                                               _____
                                                                               A. Richard Caputo
                                                                               United States District Court Judge